# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-1445

———————

Kevin Noyes, individually,          *

                               *

        Appellant,        *

                               *   Appeal from the United States

   v.                      *   District Court for the

                               *   District of Minnesota.

American Tissue Services Foundation,  *

a Delaware not for profit organization,  *       [UNPUBLISHED]

                               *

        Appellee.        *

                               *

———————

Submitted: November 14, 2008
Filed: February 10, 2009

———————

Before MURPHY, HANSEN, and RILEY, Circuit Judges.

———————

PER CURIAM.

Kevin Noyes (Noyes) appeals the district court's[1] adverse grant of summary judgment on his claim against his former employer, American Tissue Services Foundation (ATSF), for whistleblower retaliation under the Minnesota Whistleblower Act, Minn. Stat. § 181.932. The district court determined Noyes failed to set forth a prima facie case of retaliation, saying "there is insufficient evidence showing that

———————

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

ATSF terminated Noyes for engaging in statutorily protected conduct to create a genuine issue [] of material fact as to causation."

"To establish a prima facie case of retaliatory discharge, the employee must show: (1) statutorily-protected conduct by the employee; (2) adverse employment action by the employer; and (3) a causal connection between the two." Cokley v. City of Otsego, 623 N.W.2d 625, 630 (Minn. Ct. App. 2001) (quotation omitted). The district court found "Noyes made a statutorily protected report," and Noyes's termination was an adverse employment action. However, approximately four to five months separated Noyes's report and the adverse employment action, and without more evidence, the district court refused to speculate by inferring decision-maker knowledge of Noyes's report and thereby inferring causation. Upon de novo review of the record, viewing that record in the light most favorable to Noyes, see Jacob-Mua v. Veneman, 289 F.3d 517, 520 (8th Cir. 2002) (standard of review), and having carefully considered the parties' arguments, we conclude summary judgment was properly granted for the reasons stated by the district court.

Noyes also argues the district court erroneously denied Noyes's former co-plaintiffs leave to amend the complaint to assert punitive damages. Because the district court properly granted summary judgment on Noyes's claims, the punitive damages issue is moot. See, e.g., Misischia v. St. John's Mercy Health Sys., 457 F.3d 800, 805-06 (8th Cir. 2006) (explaining, where the entire lawsuit was properly dismissed with prejudice, the issue of whether the district court erred in denying a motion to disqualify attorneys was moot).

The judgment of the district court is affirmed.  <u>See</u> 8th Cir. R. 47B.[2]

_____

<hr />

[2]Noyes filed a motion to strike ATSF's argument that Noyes failed to present evidence establishing he engaged in a protected activity.  Noyes contends ATSF failed to preserve the issue by filing a cross-appeal.  ATSF was not required to cross-appeal. <u>See</u> <u>United States v. Am. Ry. Express Co.</u>, 265 U.S. 425, 435 (1924) (explaining "the appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court").  We deny Noyes's motion to strike.